1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10

11  DONALD GEBE WRIGHT,              )   NO. CV 14-5922-SVW (AS)
                                     )
12                  Petitioner,      )
                                     )   **ORDER OF DISMISSAL**
13            v.                     )
                                     )
14  RON RACKLEY, Warden,[1]          )
                                     )
15                  Respondent.      )
                                     )
16  _____ )

17

18       On July 20, 2014, Petitioner constructively filed a "Petition

19  for Writ of Habeas Corpus By a Person in State Custody" ("the

20  Petition") (Docket Entry No. 1)[2]

21  _____

22       [1]    Pursuant to Federal Rule of Civil Procedure 25(d) and
    Rule 2 (a) of the Rules Government Section 2254 Cases in the United
23  States District Courts, the Court directs the Clerk of the Court to
    designate Ron Rackley, the Warden of Folsom State Prison, where
24  Petitioner is serving his sentence, as the Respondent and amend the
    caption of this case to reflect this change.
25
         [2]    The Petition is signed and dated July 20, 2014, but was
26  filed with the Clerk of the Court on July 29, 2014.  A habeas
    petition is constructively filed on the date a prisoner presents
27  the petition to prison authorities for forwarding to the Clerk of
    the Court.  <u>Saffold v. Newland</u>,  250 F.3d 1262, 1268 (9th Cir.
28

1    The Petition challenges Petitioner's 1994 state court
2 convictions for second degree robbery, in violation of California
3 Penal Code § 211, and felony evading, pursuant to Vehicle Code §
4 2800.2, and the 36 years to life sentence imposed for those
5 convictions. (Pet. at 2).  In response to question 10 on the form
6 Petition, see Pet. at 7, petitioner admitted to having previously
7 filed federal habeas petitions in this Court challenging the same
8 convictions.  See Donald Redick aka Donald Wright v. C.A. Terhune,
9 et. al., No. CV 99-2338-HLH (CT) ("the prior habeas action").  On
10 September 3, 1999, the assigned Magistrate Judge issued a Report
11 and Recommendation that recommended that the petition be dismissed
12 with prejudice as time-barred.  (Id.; Docket Entry No. 31).  On
13 September 29, 1999, this Court issued an Order Accepting the
14 Magistrate Judge's Report and Recommendation and entered Judgment
15 in the prior habeas action, denying and dismissing the petition
16 with prejudice.  (Id.; Docket Entry Nos. 37-38).  On January 6,
17 2000, this Court denied Petitioner a Certificate of Appealability.
18 (Id.; Docket Entry No. 44).  On April 26, 2000, the United States
19 Court of Appeals for the Ninth Circuit denied Petitioner's request
20 for a Certificate of Appealability. (Id.; Docket Entry No. 48).

21

22    The Court must dismiss the present Petition in accordance with
23 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
24 Effective Death Penalty Act of 1996").  Section 2244(b) requires

25 ─────────────────

26 2000), vacated on other grounds, 536 U.S. 214 (2002).  For the
purposes of this Order, the Court will assume that Petitioner
27 presented his petition to prison officials for mailing on the date
it was signed.

28

1   that a petitioner seeking to file a "second or successive" habeas

2   petition first obtain authorization from the court of appeals. <u>See</u>

3   <u>Burton v. Stewart</u>, 549 U.S. 147, 157 (2007) (where petitioner did

4   not receive authorization from Court of Appeal before filing second

5   or successive petition, "the District Court was without

6   jurisdiction to entertain [the petition]"); <u>Barapind v. Reno</u>, 225

7   F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review

8   mechanism set forth in § 2244(b) requires the permission of the

9   court of appeals before 'a second or successive habeas application

10   under § 2254' may be commenced").  A petition need not be

11   repetitive to be "second or successive," within the meaning of 28

12   U.S.C. section 2244(b). <u>See, e.g.</u>, <u>Thompson v. Calderon</u>, 151 F.3d

13   918, 920-21 (9th Cir. 1998); <u>Calbert v. Marshall</u>, 2008 WL 649798,

14   at *2-4 (C.D. Cal. Mar. 6, 2008).  The dismissal of a habeas

15   petition as barred by the statute of limitations "constitutes an

16   adjudication on the merits that renders future petitions under §

17   2254 challenging the same conviction 'second or successive'

18   petitions under § 2244(b)." <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030

19   (9th Cir. 2009).  Because Petitioner has not yet obtained

20   authorization from the Ninth Circuit Court of Appeals, this Court

21   cannot entertain the present Petition.[3] <u>See</u> <u>Burton v. Stewart</u>, 549

22

23       [3]   The Court previously issued an Order indicating that the
Petition was untimely by over sixteen  years and affording
24   Petitioner an opportunity to file a Supplemental Statement,
explaining either how his Petition is timely on its face or
25   otherwise entitled to equitable tolling (Docket Entry No. 3).  The
Court also ordered Respondent to lodge with the court "all
26   documents relevant to a determination of whether the Petition is
timely, successive, and exhausted." (<u>Id.</u>). On August 25, 2014 and
27   August 29, 2014, Petitioner filed Supplemental Statements asserting
28   that his Petition was entitled to statutory tolling because, <u>inter</u>

1 U.S. at 157.

2

3      For all of the foregoing reasons, the Petition is denied and

4 dismissed without prejudice.

5

6      LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8      DATED:  February 2, 2015

9

10

11 _____
                    STEPHEN V. WILSON
12            UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24 alia, he had filed a state habeas petition within one year of the
Supreme Court's decision in Martinez v. Ryan,--- U.S. ---, 132
25 S.Ct. 1309 (2012). (Docket Entry Nos. 7-8).  On October 17, 2014,
Respondent lodged copies of documents pertaining to Plaintiff's
26 direct appeal and state habeas petitions. (Docket Entry No. 13).
Because the Court finds the Petition subject to dismissal as
27 successive, it need not decide whether the Petition is timely under
the Antiterrorism and Effective Death Penalty Act.

28